**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: June 15 2018**

_____
John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.   16-32083 |
| | ) | |
| Charles J. Howe, Jr., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge John. P. Gustafson |

## MEMORANDUM OF DECISION AND ORDER REGARDING LIEN AVOIDANCE

This case came before the Court for hearing on April 17, 2018 on the issue of whether Debtor Charles J. Howe, Jr. can avoid a Lien ("Lien") encumbering his residence under 11 U.S.C. §522(f)(1)(A).   The Lien is held by Creditor David R. Webb Builders, Inc. ("Creditor").   Debtor filed a Motion to Avoid Lien ("Motion") [Doc. #32] and Creditor filed an Opposition to Debtor's Motion [Doc. #35].   At the April 17th hearing, both Debtor and Creditor presented arguments and evidence in support of their respective positions.

This is a core proceeding under 28 U.S.C. §157(b)(2)(A), (K) and (O) and venue is proper under 28 U.S.C. §1409(a).   The court has jurisdiction over core proceedings under 28 U.S.C. §§1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

Because Creditor's Lien constitutes a valid statutory lien under Ohio law and is not a judicial lien, Debtor is unable to avoid Creditor's Lien pursuant to 11 U.S.C. §522(f)(1)(A).   Thus,

Debtor's Motion to Avoid Lien will be denied.

## FACTUAL BACKGROUND

On September 13, 2014, Debtor and Creditor entered into an agreement through which Creditor would perform construction and repair work on Debtor's home and would be compensated by Debtor. [Cr. Ex. A][1].  Pursuant to that agreement, Creditor performed work on Debtor's residence [*Id.*, pp. 4-6] and on July 2, 2015, Debtor owed Creditor an outstanding balance of $9,370.30 for work performed. [*Id.*, p. 6].  Having still not received full payment, Creditor informed Debtor via a September 23, 2015 invoice that it would be placing a lien on Debtor's property for amounts that remained unpaid. [*Id.*, p. 7].  On September 25, 2015, Creditor filed an Affidavit for Mechanic's Lien with the Lucas County Recorder that set forth: 1) Debtor's outstanding payment obligation of $8,617.42; 2) a description of the encumbered property (Debtor's residence); and 3) that the last day of labor performed on Debtor's residence was on or about August 13, 2015. [Cr. Ex. B, p. 2].  Creditor subsequently filed a foreclosure action on November 12, 2015 against Debtor's residence in the Lucas County Court of Common Pleas, Case No. CI 15-4739. [Doc. #35, p. 2].

Debtor filed for Chapter 7 bankruptcy relief on June 28, 2016. [Doc. #1].  On Schedule E/F, Debtor listed $8,617.42 as an amount owed "Law Office of Kenneth W. Wenninger"[2] related to a "lawsuit." [*Id.*, p. 22].  Debtor's discharge was granted on October 10, 2015 [Doc. #19] and his bankruptcy case was closed on January 17, 2017. [Doc. #22].  Debtor filed a Motion to Reopen Chapter 7 Case on September 28, 2017 [Doc. #24] and then an Amended Motion to Reopen on October 3, 2017 [Doc. #25], for the purpose of filing a motion to avoid a lien on Debtor's residence. The court granted the Motion to Reopen on October 24, 2017. [Doc. #27].  Debtor filed the Motion to Avoid Lien on January 8, 2018 [Doc. #32], which was set for hearing on January 31, 2018. [Doc. #37].  At the January 31st hearing, the court set the matter for an evidentiary hearing to be held on April 17, 2018. [Doc. #40].

At the April 17th evidentiary hearing, Debtor's attorney, Creditor's attorney, and Creditor's Representative Kevin Webb ("Mr. Webb") attended in person.  Debtor was not present at the hearing.  Debtor's attorney rested his case-in-chief on the submitted briefing/documents,

---

1/  Creditor's exhibits introduced at the April 17 evidentiary hearing are cited via [Cr. Ex.__] and Debtor's exhibits via [Debt. Ex.__].

2/  Mr. Wenninger is Creditor's attorney.

and introduced a single exhibit into evidence - a copy of an order from the Lucas County Court of Common Pleas foreclosure proceeding that granted summary judgment to Creditor. [Debt. Ex. A].

Creditor's attorney introduced four exhibits into evidence and presented testimony from Mr. Webb regarding the work done on Debtor's house.  Mr. Webb, an estimator and project manager employed by Creditor, testified that he personally oversaw the project that served as the basis for Creditor's Lien on Debtor's residence.   Mr. Webb further testified that August 13, 2015 was the last day Creditor's employees worked on Debtor's residence, and that it was customary for Creditor to continue to perform work on a project after a project's invoice end date.   Mr. Webb also authenticated time sheets submitted to Creditor by Creditor's employees that stated that the last date on which employees of Creditor performed work on Debtor's residence had been August 13, 2015. [Cr. Ex. D, p. 3-5].

Debtor offers two arguments in support of his Motion to avoid Creditor's Lien.  First, Debtor argues that Creditor's attempt to collect on its Lien via initiating foreclosure proceedings transformed the Lien from a statutory lien into a judicial lien and that it is thus avoidable under §522(f)(1)(A).   Second, Debtor argues that Creditor's Lien failed to attach properly because Creditor waited too long to record its Lien after the completion of work on Debtor's residence.

Accordingly, the court must decide: 1) whether Creditor's execution on its Lien via initiating foreclosure proceedings transformed the Lien from an unavoidable statutory lien into an avoidable judicial lien; and 2) whether Creditor's Lien was validly attached and perfected under Ohio law.

## LAW AND ANALYSIS

### I.  Avoidance of Judicial Liens Under 11 U.S.C. §522(f)(1)(A)

Section 522(f)(1) of the Bankruptcy Code provides debtors with the ability to avoid judicial liens that impair a debtor's exemptions in property. *See*, *Farrey v. Sanderfoot*, 500 U.S. 291, 297-298, 111 S.Ct. 1825, 1828-830, 113 L.Ed.2d 337 (1991)(surveying §522(f)(1)'s legislative history and purpose in allowing debtors to avoid judicial liens).   Section 522(f)(1) provides, in relevant part:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (A) a judicial lien…

3

11 U.S.C. §522(f)(1); *see also*, *In re Jerew*, 415 B.R. 303, 306 (Bankr. N.D. Ohio 2009).

In order to avoid a judicial lien under §522(f)(1)(A), a debtor must make a showing that satisfies three elements: 1) the lien at issue must be a judicial lien; 2) the lien must encumber a debtor's interest in property; and 3) the lien must impair an exemption that the debtor would otherwise be entitled to. *Jerew*, 415 B.R. at 306 (citing *McCart v. Jordana* (*In re Jordana*), 232 B.R. 469, 473 (10th Cir. BAP 1999)).

The Bankruptcy Code defines a "judicial lien" as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. §101(36). In contrast, the Code defines a "statutory lien" as a "lien arising solely by force of a statute on specified circumstances or conditions,…but does not include security interest or judicial lien…." 11 U.S.C §101(53).

Ohio bankruptcy courts have consistently held that a mechanic's lien created pursuant to Ohio law constitutes a statutory lien as defined by 11 U.S.C. §101(53). *See*, *Vaughan v. Fisher* (*In re B.J. Packing*), 158 B.R. 988, 991 (Bankr. N.D. Ohio 1993)("By definition, mechanic's liens are statutory liens."); *In re Burnett*, 2004 WL 1242508 at *1, 2004 Bankr. LEXIS 759 at *2 (Bankr. N.D. Ohio March 3, 2004); *In re Ramsey*, 89 B.R. 680, 682 (Bankr. S.D. Ohio 1988). Bankruptcy courts in other states have also held that mechanic's liens are statutory liens for purposes of §§101(53) and 522(f)(1)(A). *See*, *In re Cunningham*, 478 B.R. 346, 350 (Bankr. N.D. Ind. 2012); *Helms v. Belfor USA Group, Inc.* (*In re Helms*), 438 B.R. 95, 98 (Bankr. W.D.N.C. 2010); *In re Chambers*, 264 B.R. 818, 822 (Bankr. N.D. W.Va. 2001); *In re Thames*, 349 B.R. 659, 665-66 (Bankr. D. Idaho 2005); *Koski v. Seattle First Nat'l Bank* (*In re Koski*), 149 B.R. 170, 177 (Bankr. D. Idaho 1992).

Upon review of the evidence and arguments presented, the court finds no reason to depart from prior case law, and therefore holds that Creditor's Lien, created pursuant to Ohio mechanic's lien statute, constitutes a "statutory lien" within the meaning of 11 U.S.C §101(53). This is because Creditor's Lien arose "solely by force of" O.R.C. §§1311.01-1311.23 once Creditor complied with the statute's requirements. *See*, *B.J. Packing*, 158 B.R. at 991; *Ramsey*, 89 B.R. at 682. Accordingly, Debtor cannot avoid Creditor's Lien pursuant to §522(f)(1)(A) because it is not a "judicial lien."

The court finds Debtor's argument that Creditor's initiation of foreclosure proceedings converted its Lien into an avoidable judicial lien unpersuasive for three reasons. First, Debtor has

provided the court with no authority supporting this position.   Second, other bankruptcy courts faced with similar facts have found that no statutory-judicial lien conversion takes place upon initiation of subsequent judicial proceedings, and the court finds their reasoning persuasive. *See*, *Cunningham*, 478 B.R. at 361; *Thames*, 349 B.R. at 666-67; *Koski*, 149 B.R. at 177 ("…the judicial [foreclosure] decision did not change the [mechanic's] lien from a statutory lien to a judicial lien.").

In *Cunningham*, the debtor made the same argument being presented here, that a creditor's initiation of foreclosure proceedings had transformed its duly executed mechanic's lien from a statutory lien into a judicial lien subject to avoidance under §522(f)(1)(A). 478 B.R. at 356-57.   In ruling against the debtor, the *Cunningham* court surveyed comparable cases and held that:

> [T]he character of a lien as…a "statutory lien" is not generally altered by the fact that a judicial action to enforce the lien as originally characterized is either initiated or concluded.   Under Indiana's statutory framework, a mechanic's lien is exclusively a creature of statute and the underlying basis for the lien arises by means of a statute, thereby constituting a mechanic's lien under Indiana law as a "statutory lien."   Judicial action to foreclose the lien in order to enforce it does not alter the characterization of the lien, and the entry of judgment on foreclosure of the mechanic's lien does not convert a statutory mechanic's lien into a judicial lien.

*Id.* at 361.

The court finds that *Cunningham*'s analysis of Indiana mechanic's lien law is applicable to its Ohio law equivalent. *See*, *Cunningham*, 478 B.R. at 350 (noting that Ohio and Indiana's mechanic's lien laws appear to be very similar).   Creditor's Lien arose by virtue of Creditor complying with the procedural requirements set forth in O.R.C. §§1311.01-1311.23 – there was no judgment, levy, sequestration, or other judicial process involved in the creation of the Lien. The fact that Creditor subsequently took steps to enforce its Lien through a judicial foreclosure action does not change or affect the manner in which the Lien arose, nor does it alter its status as a statutory lien. *See*, *id.* at 361; *Thames*, 349 B.R. at 666-67; *Koski*, 149 B.R. at 177.

Third, finding that subsequent judicial proceedings do not alter a lien's statutory nature comports with the legislative history underpinning §522(f)(1).   The United States Supreme Court reviewed §522(f)(1)'s legislative history in *Farrey*:

> What specific legislative history exists suggests that a principal reason Congress singled out judicial liens was because they are a device commonly used by creditors to defeat the protection bankruptcy law accords exempt property against debts.   As the House Report stated: "The first right [§522(f)(1)] allows the

debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor. If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions."

500 U.S. at 297, 111 S.Ct. at 1829 (quoting H.R. REP. NO. 95-595, ch. 3, pt. 2, at 126-27 (1978) (addition in original)).

The court finds that no such "race to the courthouse" by a creditor took place here – Creditor filed its Lien affidavit and initiated foreclosure proceedings more than six months before Debtor filed for bankruptcy. More importantly, concerns about a "race to the courthouse" are not at issue in a mechanic's lien context because the automatic stay allows post-petition perfection of mechanic's liens. *See*, 11 U.S.C. §362(b)(3); *In re Jennison-Wright Corp.*, 111 B.R. 146, 148 (Bankr. N.D. Ohio 1990)(holding that a creditor's post-petition perfection of its Illinois mechanic's lien did not violate the automatic stay pursuant to §362(b)(3)); *In re U.S. Electric, Inc.*, 123 B.R. 262 (Bankr. S.D. Ohio 1990)(agreeing with *Jennison-Wright* and applying its holding in finding that a creditor's post-petition perfection of an Ohio mechanic's lien did not violate the automatic stay).

Accordingly, because prior case law, Ohio's statutory framework for mechanic's liens, and the legislative history underlying §522(f)(1) all support a finding that subsequent judicial proceedings do not alter the statutory nature of a mechanic's lien, the court finds that Creditor's initiation of a foreclosure action did not transform its Lien into a "judicial lien" within the meaning of §522(f)(1).

Debtor also argues that Creditor's Lien does not constitute a valid lien because, Debtor alleges, Creditor waited too long after completing work on Debtor's residence before it recorded the Lien via affidavit.[3] Pursuant to O.R.C. §§1311.01-1311.23, a mechanic's lien claimant must comply with a number of procedural requirements in order for attachment and perfection to occur. *See*, *Ramsey*, 89 B.R. at 681-82. At issue here is the requirement that an affidavit be filed "within sixty days from the date on which the last labor or work was performed or material was furnished by the person claiming the lien." O.R.C. §1311.06(B)(1).

Upon review of the evidence presented at the April 17th hearing, the preponderance of the evidence supports finding that Creditor filed its Lien affidavit in compliance with O.R.C.

---

[3] The court notes that a dispute as to the validity of a lien is a matter that is properly handled via an adversary proceeding. *See*, Fed. R. Bankr. P. 7001(2).

§1311.06(B)(1). In support of the affidavit's stated date of work completion, August 13, 2015, Creditor provided both testimonial evidence from Mr. Webb and documentary evidence in the form of time sheets completed by other employees of the Creditor. [Cr. Ex. D, pp. 3-5]. Though Debtor makes reference to a June 29, 2015 letter sent by Debtor to the City of Toledo that appears to state that work was completed on Debtor's residence outside the 60 day limit imposed by O.R.C. §1311.06(B)(1), Debtor did not testify as to the document or its contents, nor was any other evidence provided that would suggest that Creditor's Lien affidavit was untimely. Moreover, Creditor presented credible testimony from Mr. Webb to the effect that it was normal for Creditor to continue work on a project beyond invoiced completion dates and that Creditor did so here with regards to Debtor's residence. Thus, the court finds that August 13, 2015 was the last date on which Creditor performed work on Debtor's residence, and that Creditor's Lien affidavit was timely filed on September 25, 2015.[4] *See*, O.R.C. §1311.06(B)(1).

To summarize, the court finds that Creditor's Lien constitutes a valid "statutory lien" encumbering Debtor's residence that was duly executed and perfected pursuant to O.R.C. §§1311.01-1311.23. Further, because Creditor's Lien is not a "judicial lien," it is not avoidable under §522(f)(1)(A).

Accordingly, based upon the foregoing and for good cause shown,

**IT IS ORDERED** that Debtor's Motion to Avoid Lien [Doc. #32] be **DENIED.**

**IT IS FURTHER ORDERED** that Case Number 16-32083 be closed Fourteen (14) days after entry of this Order, or such later date that this Order becomes final and non-appealable.

---

4/ Even if the court were to find that Creditor's Lien does not constitute a valid mechanic's lien, avoidance would still be inappropriate given that other forms of lien avoidance (i.e. §§544, 545, 547, 548) require the filing of an adversary proceeding, something neither Debtor nor the Trustee has done here. *See*, Fed. R. Bankr. P. 7001(2).

7